[Cite as *State v. Jones*, 2016-Ohio-7293.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

Appellee

v.

Tyrell Jones

Appellant

Court of Appeals Nos. L-15-1217
L-15-1218

Trial Court Nos. CR0201403003
CR0201501449

**DECISION AND JUDGMENT**

Decided: October 7, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Evy M. Jarrett, Assistant Prosecuting Attorney, for appellee.

Tim A. Dugan, for appellant.

* * * * *

**YARBROUGH, J.**

**{¶ 1}** In this consolidated appeal, appellant, Tyrell Jones, appeals the judgments of the Lucas County Court of Common Pleas, convicting him of one count of burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree, in case No. CR0201403003, and one count of receiving stolen property in violation of R.C. 2913.51(A), a felony of the fifth degree, in case No. CR0201501449. For the reasons that follow, we affirm, in part, and reverse, in part.

## I. Facts and Procedural Background

{¶ 2} On June 3, 2015, a bench trial was held on the two charges, which are related to the same incident. At trial, the state presented several witnesses, including E.S., who is the neighbor of the victim. E.S. testified that on December 3, 2014, he was returning home to his apartment at 3575 Stickney in Toledo, Lucas County, when he noticed that the door of the apartment next to his was cracked. He then saw three young black males wearing black jump suits exit the apartment building carrying "toys," i.e. televisions, computers, video games, etc. He observed the young men head down the street towards the Salvation Army. E.S. went upstairs and saw that his neighbor's apartment had been broken into; the door was broken as if someone had tried to kick it in, and a window was shattered. One of the three young men returned and said that "Someone had broken in my buddy's apartment," and left with some other toys. E.S. knew that the person was lying because he had never seen those men before. Immediately thereafter, E.S. called the police. At trial, E.S. was not able to identify appellant as one of the three young black men because "it's been a long time."

{¶ 3} Three Toledo police officers also testified. Officer Andrew Pennington testified that at 1:25 p.m., he responded to a call of a burglary at the apartment in question. His partner, Officer Kevin Currie, testified that he observed damage to the door of the apartment, and that the window had been broken in from the outside. Officer Jeff Violanti testified that he also responded to the call, and while canvassing the area for the suspects, he was able to interview a postal worker.

2.

{¶ 4} The postal worker, B.H., testified next. B.H. stated that between noon and 2:00 p.m. on December 3, 2014, he was taking a ten-minute break in the Salvation Army parking lot, when he observed a car pull up and three young black males jump out. The young men returned two minutes later carrying one or two televisions or monitors. B.H. described the car as a white Oldsmobile Aurora.

{¶ 5} The state next called J.C., who is the owner of a store called "Guy Buys Books," which is in the business of reselling textbooks, smart phones, video games, and other electronics like iPads or laptops. The store is located on the corner of Secor and Central. J.C. testified that on December 3, 2014, he remembered purchasing a couple of laptops. He remembered that particular purchase because after the transaction, the sellers "dumped a bunch of stuff in the parking lot." J.C. testified that he had a security camera in the store, after which video from the camera was played in court. The video shows that on December 3, 2014, at 1:41 p.m., three young black males entered the store. Two of them were wearing black, and the third was wearing tan overalls. They attempted to sell two laptops. J.C. testified that the sale could not be completed at that time because they did not have identification. At 2:56 p.m., the three men returned with appellant's identification and the sale was completed. J.C. testified that several weeks later the police came and confiscated the laptops. The video and purchase sheet containing appellant's information were entered into evidence.

{¶ 6} The state next called L.K., the victim in this case. L.K. testified that his apartment was broken into and an Alienware laptop and an HP laptop were stolen, as well

3.

as two televisions.  L.K. was shown pictures of the laptops that were confiscated from Guys Buys Books, and he identified them as his laptops.  L.K. testified that he got the laptops back from a detective, but he did not recover the televisions.  Combined, the laptops and televisions had a purchase value of $5,000.

{¶ 7} Finally, the state called Toledo Police Detective Andre Cowell.  Cowell testified that he interviewed appellant about some items that appellant had pawned.  Cowell asked appellant if he had pawned some computers, and appellant replied that he had not.  Cowell then showed appellant a picture of appellant and some other gentleman pawning the computer at Guy Buys Books.  Appellant then admitted that he had pawned the laptops, but he was not involved in the burglary.  Instead, appellant stated that he got the laptops from a drug addict.  During the interview, appellant also admitted to owning or having a white, four-door, Oldsmobile.  On cross-examination, Cowell admitted that he did not check with the Bureau of Motor Vehicles whether appellant was the registered owner of that Oldsmobile.

{¶ 8} Thereafter, the state rested.  Appellant moved for acquittal pursuant to Crim.R. 29, which the trial court denied.  The defense then rested without calling any witnesses or presenting any evidence.  After closing arguments, the trial court returned with a finding of guilty on both the burglary and receiving stolen property charges.

{¶ 9} The matter was continued for sentencing and the preparation of a presentence investigation report.  At sentencing, the trial court ordered appellant to serve 24 months in prison on the burglary charge, and 10 months in prison on the receiving

4.

stolen property charge. The court further ordered the sentences to be served concurrently to one another, but consecutively to a two-year prison term imposed in another case, for a total prison term of four years. In addition, the court imposed restitution. Relative to restitution, appellant asked for a continuance because there had not yet been a determination of L.K.'s out-of-pocket expenses. The court suggested another alternative where it would impose restitution not to exceed a certain amount, pending verification of any receipts or documentation. Appellant agreed with this course of action. Thus, the trial court sentenced appellant to pay restitution "to [L.K.] not to exceed $2,130.00."

## II. Assignments of Error

{¶ 10} Appellant has timely appealed the judgment of conviction, asserting three assignments of error for our review:

1. The Trial Court's sentence is contrary to law as it does not order an exact amount of restitution, and ordered restitution with no evidence of economic loss by the victim.

2. The State of Ohio failed to produce legally sufficient evidence to sustain a conviction for Burglary.

3. Appellant's conviction for Burglary fell against the manifest weight of the evidence.

## III. Analysis

{¶ 11} For ease of discussion, we will address appellant's assignments of error out of order, beginning with his second assignment of error.

5.

{¶ 12} When reviewing a claim that the conviction is based on insufficient evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

{¶ 13} In his appellate brief, appellant limits his argument to his conviction for burglary. Furthermore, appellant does not contest that the elements of burglary were satisfied.[1] Instead, appellant argues that the state failed to provide sufficient evidence to prove identification.

{¶ 14} Upon reviewing the evidence in the light most favorable to the prosecution, we hold that appellant's conviction for burglary is supported by sufficient evidence. Here, the evidence shows that three young black men were seen at the victim's apartment, and were observed carrying electronic devices from the apartment. The three men headed towards the nearby Salvation Army. A second witness in the parking lot of the Salvation Army observed a white Oldsmobile Aurora arrive. Three young black men jumped out of the car, and in a few minutes returned carrying televisions or monitors.

---

[1] "No person, by force, stealth, or deception, shall do any of the following: * * * (3) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense." R.C. 2911.12(A)(3).

6.

This took place at approximately 1:25 p.m. Sixteen minutes later, three young black men attempted to sell two laptops at Guy Buys Books. The men returned a little over an hour later, and used appellant's identification to pawn the same laptops. The laptops were identified by the victim of the burglary as his laptops. Subsequently, appellant admitted to Cowell that he pawned the laptops, and that he had a white Oldsmobile. Based on this evidence, we conclude that a rational trier of fact could have found that appellant was one of the three burglars beyond a reasonable doubt. *See State v. Lowry*, 4th Dist. Pickaway No. 14CA12, 2014-Ohio-5852, ¶ 17, quoting *State v. Brennan*, 85 Ohio App. 175, 177-178, 88 N.E.2d 281 (9th Dist.1949) ("It has long been the law of this state that, where a burglary has been committed and property stolen as a party of the criminal act, the fact of the subsequent possession is some indication that the possessor was the taker, and therefore the doer of the whole crime.").

{¶ 15} Accordingly, appellant's second assignment of error is not well-taken.

{¶ 16} In his third assignment of error, appellant argues that the convictions are against the manifest weight of the evidence. When reviewing a manifest weight claim,

> The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost [his] way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case

7.

in which the evidence weighs heavily against the conviction. *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 220, quoting *Thompkins* at 387.

{¶ 17} This is not the exceptional case. Three young black men in a white Oldsmobile Aurora stole televisions and laptops from the victim's apartment. Appellant admitted to owning a white Oldsmobile. Approximately 16 minutes after the burglary, three young black men attempted to pawn the laptops taken from the apartment. The same men returned with appellant's identification. Appellant later admitted to pawning the laptops. Given the consistency of the descriptions, and the short passage of time between the two events, we find that the trier of fact did not lose his way and create a manifest miscarriage of justice in finding that appellant was one of the men that committed the burglary. Therefore, we hold that appellant's burglary conviction is not against the manifest weight of the evidence.

{¶ 18} Accordingly, appellant's third assignment of error is not well-taken.

{¶ 19} Finally, in his first assignment of error, appellant argues that his sentence is contrary to law because the trial court ordered an indefinite amount of restitution when it sentenced appellant to pay an amount "not to exceed $2,130.00."

{¶ 20} R.C. 2929.18(A)(1) provides, in pertinent part,

> [T]he court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section * * *. Financial sanctions that may

8.

be imposed pursuant to this section include, but are not limited to, the following:

> (1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. * * * *If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender.* If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount. (Emphasis added.)

**{¶ 21}** We find that the only reasonable interpretation of the phrase "shall determine the amount of restitution" is that the trial court is obligated to order appellant to pay a sum certain. Here, the trial court's order of restitution in an amount "not to exceed $2,130.00" is not a specific and set amount of money, and is therefore in error.

**{¶ 22}** Accordingly, appellant's first assignment of error is well-taken.

9.

## IV.  Conclusion

**{¶ 23}** For the foregoing reasons, the judgments of the Lucas County Court of Common Pleas are affirmed, in part, and reversed, in part.  The matter is remanded to the trial court for a period of 30 days to determine the amount of restitution, and if that amount is disputed, to conduct a hearing in accordance with R.C. 2929.18(A)(1).  If the trial court fails to determine an amount of restitution within that time, that portion of the sentence shall be considered void.  Appellant and the state are ordered to split the costs of this appeal evenly pursuant to App.R. 24.

Judgments affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Stephen A. Yarbrough, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.